227-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ANTISANA SHIP FINANCE II
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ANTISANA SHIP FINANCE II,

             Plaintiff,

-against-

LIDER ENERGY CORPORATION,

             Defendant.

08 Civ _____ ( ____ )

**VERIFIED COMPLAINT**

Plaintiff, ANTISANA SHIP FINANCE II (hereinafter "ANTISANA") for its Verified Complaint against Defendant LIDER ENERGY CORPORATION (hereinafter "LIDER") alleges upon information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of affreightment. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2. At all times material hereto, Plaintiff ANTISANA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in the care of Holger Kristiansens Succsr. at Marina House, Femoegade 4, DK-4800, Nykoebing F., Denmark.

3. At all times relevant hereto, Defendant LIDER was and still is a business entity duly organized and existing under the laws of the state of Florida with an address at 3410 Galt Ocean Drive #1210, Fort Lauderdale, Florida 33308 and 3333 Ponce de Leon Boulevard, Suite R300, Coral Gables, Florida 33134.

4. On or about January 30, 2008, Defendant LIDER, as charterer, entered into a maritime contract of affreightment with Plaintiff ANTISANA, as owner, for two laden voyages aboard the M/T ANTISANA JORF from Esmeraldas, Ecuador to Balboa, Panama.

5. Under the terms of the contract, Defendant LIDER was obligated to pay freight in the amount of $175,000 lump sum per voyage.

6. Defendant LIDER was also obligated, under the terms of the contract, to pay demurrage in the amount of $10,850 per day pro rata for each day the vessel was delayed at the loading and/or discharge ports beyond the agreed laytime period.

7. Plaintiff ANTISANA duly delivered the M/T ANTISANA JORF into the service of Defendant LIDER on or about March 11, 2008, and performed all of its obligations under the contract.

8. At the loading port for the first voyage, the vessel remained in port for 12.0417 days because LIDER was unable to obtain clearance for its cargo from the Ecuadorian authorities.

9. On or about March 17, 2008, Plaintiff ANTISANA issued a demurrage invoice to Defendant LIDER showing a balance of $54,250 in ANTISANA's favor pursuant to the contract.

10. On or about March 23, 2008, having still provided no cargo to the vessel, Defendant LIDER wrongfully terminated the contract in breach of its terms.

11. In further breach of the contract, and despite due demand, LIDER has failed and/or otherwise refused to pay demurrage and freight in the amount of $250,068, all of which remains due and outstanding to ANTISANA under the contract.

12. The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and ANTISANA specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has or will soon be commenced.

13. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff ANTISANA's claims made or to be made in the London arbitration under English law, as agreed by the parties.

14. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

15. Plaintiff ANTISANA estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting its claims in London arbitration will be $90,000. Interest anticipated to be awarded is estimated to be $57,875.57 (calculated at the rate of 7% per annum compounded quarterly for a period of three year, the estimated time for completion of the proceedings in London).

16.  In all, the claim for which Plaintiff ANTISANA sues in this action, as near as presently may be estimated, totals **$397,943.57**, no part of which has been paid by Defendant LIDER, despite due demand. Plaintiff ANTISANA specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure ANTISANA.

### Request for Rule B Relief

17.  Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant LIDER ENERGY CORPORATION (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

18.  The total amount sought to be attached pursuant to the above is **$397,943.57**.

WHEREFORE, Plaintiff ANTISANA SHIP FINANCE II prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.  That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$397,943.57** be restrained and attached, including, but not limited to any cash,

funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant LIDER ENERGY CORPORATION, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
April 25, 2008

> FREEHILL HOGAN & MAHAR, LLP
> Attorneys for Plaintiff
> ANTISANA SHIP FINANCE II
>
> By: _____
> Michael E. Unger (MU 0045)
> 80 Pine Street
> New York, NY 10005
> (212) 425-1900
> (212) 425-1901 (fax)

NYDOCS1/303291.1

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.  I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.  The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.  The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
25th day of April 2008

_____
Notary Public

JOAN SORRENTINO
Notary Public, State of New York
No. 01SO6067227
Qualified in New York County
Commission Expires December 3, 2009

NYDOCS1/303291.1                                6